# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Ted Palladeno,

    Plaintiff,

v.

Gary C. Mohr, *et al.*,

    Defendants.

Case No. 2:16-cv-1126

Judge Michael H. Watson
Magistrate Judge Jolson

## OPINION AND ORDER

Ted Palladeno ("Plaintiff") brings this prisoner civil rights case *pro se*. He moves the Court to certify the case as a class action, ECF No. 3, and for preliminary injunction and prisoner release orders, ECF No. 5. The Complaint deplores numerous conditions in various protective control units in various institutions. The Complaint asks the Court to enjoin certain practices with respect to those protective control units, to require an overhaul of the prison grievance procedure, and to overhaul the ODRC parole procedures.

Upon initial screen, Magistrate Judge Jolson issued a report and recommendation ("R&R") recommending the Court dismiss all claims brought on behalf of all putative plaintiffs other than Plaintiff, deny Plaintiff's motion to certify, and deny Plaintiff's motion for preliminary injunction and prisoner relief orders. R&R, ECF No. 8. The R&R concluded that Plaintiff cannot represent, *pro se*, other prisoners in federal court. *Id.* at 3. The R&R also found that the Complaint, as filed, was pervaded by class allegations to the point that it was impossible to decipher

Plaintiff's individual claims. *Id.* at 4. As such, the R&R directed Plaintiff to file an Amended Complaint that complies with Federal Rule of Civil Procedure 8(a) and contains only individualized claims. *Id.* at 4–5. Plaintiff objected to the R&R, Obj., ECF No. 8, and moved for permission to file additional objections from other putative plaintiffs under seal, ECF No. 11.

Magistrate Judge Jolson issued the R&R pursuant to Federal Rule of Civil Procedure 72(b). Under that rule, the Undersigned must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The Undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

Plaintiff objects to the R&R's recommendation that the Court deny Plaintiff's motion to certify a class, dismiss all class allegations, and deny Plaintiff's motion for a preliminary injunction and for prisoner release orders. Plaintiff also objects to Magistrate Judge Jolson's denial of his motion to appoint class counsel.

### A. Plaintiff's Objection to the Denial of His Motion to Appoint Class Counsel and His Objection to the Recommendations that the Court Deny Plaintiff's Motion to Certify a Class and Dismiss the Class Allegations

With respect to the class certification issue, Plaintiff apparently concedes that a prisoner proceeding *pro se* cannot represent other prisoners in federal court but argues that the motion for class certification should be granted because Plaintiff concurrently moved for appointment of counsel, who could represent a class of prisoners, and that motion should be granted. Obj. 2–10, ECF No. 8. Plaintiff stresses that he and the other prisoners identified in the Complaint seek to pursue

this case as a class action and explains that prison rules prohibit the other listed prisoners from sharing in the costs of the action or from filing affidavits attesting to their desire to serve as named plaintiffs in a class action. *Id.* at 4. Plaintiff states that it would be imprudent to dismiss the class allegations because it would result in the filing of multiple actions by individual prisoners concerning the same allegations at issue in the Complaint in this case. *Id.* at 5. Plaintiff argues that upon appointment of class counsel, each of the prerequisites to class certification will be met. *Id.* at 6–7.

With respect to Magistrate Judge Jolson's denial of his motion to appoint class counsel, Plaintiff objects on the ground that appointment of counsel is warranted, and denial of counsel puts putative prisoner plaintiffs in a "Catch-22" position.

Plaintiff's arguments are not well taken. There is "no constitutional right to appointed counsel in a civil case." *See Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995) (citation omitted). Accordingly, prisoners have no right to the appointment of counsel in order to pursue a prisoner civil rights case, whether brought as an individual action or whether class certification is sought. Indeed, the most a Court can do is assist a civil litigant in obtaining *pro bono* counsel. *Herrerra v. Mich. Dep't of Corr.*, 2011 WL 3862640, at *6 (E.D. Mich. July 22, 2011) (citation omitted), *R&R adopted at* 2011 WL 3862390 (E.D. Mich. Sept. 1, 2011); 28 U.S.C. § 1915(e)(1). As Magistrate Judge Jolson noted, a court should consider whether a plaintiff's claims have merit and the ability of the plaintiff to represent himself when determining whether to request *pro bono* counsel for a civil litigant. *See Lince v.*

*Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Martin v. Harvey*, 14 F. App'x 307, 310 (6th Cir. 2001).

As this case has not yet progressed to the point that the Court is able to evaluate the merits of Plaintiff's claims, Magistrate Judge Jolson's denial of Plaintiff's motion to appoint counsel, ECF No. 7, was not contrary to law. Thus, Plaintiff's objection to Magistrate Judge Jolson's denial of appointment of class counsel, including Plaintiff's request for appointment of "qualified" counsel, is **OVERRULED.**[1] Further, because Plaintiff cannot represent, *pro se*, a class in this case, Magistrate Judge Jolson properly concluded that the Court must deny Plaintiff's motion to certify a class and dismiss the class allegations. Accordingly, Plaintiff's objection regarding the recommendation concerning denial of Plaintiff's motion to certify a class and dismissal of class allegations is likewise **OVERRULED.**

### B. Plaintiff's Objection to the Recommendation that the Court Deny Plaintiff's Motion for a Preliminary Injunction and for Prisoner Release Orders

Plaintiff contends on objection that he requests a preliminary injunction as to certain practices and procedures that affect him personally such that his motion for a preliminary injunction and for prisoner release orders should not be denied solely on the basis that his motion for class certification is denied. Plaintiff therefore requests that he be permitted to amend his Complaint to include a request for preliminary injunction and prisoner release order as it relates to his individualized claims. Obj.

---

[1] Plaintiff's motion for appointment of counsel is denied without prejudice to renewal at the appropriate stage of litigation. The Court notes, however, that based on the quality and quantity of the documents filed thus far, Plaintiff has proven quite able to represent himself.

13, ECF No. 8. Plaintiff also objects to the R&R on the ground that the requested preliminary injunction and prisoner release orders are as important for other putative class members as they are for Plaintiff, and he details the circumstances of one particular prisoner whom Plaintiff argues needs a preliminary injunction. *Id.* at 14–16.

Plaintiff's objection is **OVERRULED**. The Court has reviewed the R&R and agrees that, because the class allegations should be dismissed and because it is impossible to ascertain Plaintiff's individualized claims, the motion for preliminary injunction and for prisoner release orders should be denied at this time. Nothing herein prevents Plaintiff from moving for the requested relief for his individual claims upon filing of his Amended Complaint. Further, the other putative plaintiffs may pursue individual relief in separate lawsuits.

### C. Motion for Leave to File Further Documents Under Seal

Several putative class members have written the Court in what Plaintiff calls "supplemental objections" to the R&R. Plaintiff moves the Court to file these letters under seal for the protection of the putative class members.

Plaintiff's motion is not well taken. As non-parties to the case, the putative class members had no right under Federal Rule of Civil Procedure 72 to object to the R&R. Accordingly, Plaintiff's motion to seal, ECF No. 11, is **DENIED**. The Clerk is **DIRECTED** not to file the letters on the docket and to return the same to the senders. The Clerk shall file the supplemental objections received from Plaintiff on April 5, 2017, on the docket. These supplemental objections do not affect the above analysis and are, therefore, **OVERRULED**.

In conclusion, the Court **OVERRULES** Plaintiff's objections and **ADOPTS AND AFFIRMS** the R&R. The Court **DENIES** Plaintiff's motion to certify a class, **DISMISSES** the class allegations, and **DENIES** Plaintiff's motion for a preliminary injunction and for prisoner release orders. Plaintiff shall file his Amended Complaint within **THIRTY DAYS** of the issuance of this Opinion and Order. Failure to timely file an Amended Complaint that comports with the R&R and this Opinion and Order will result in a dismissal of this case for failure to prosecute under Federal Rule of Civil Procedure 41(a) without further notice to Plaintiff. The Clerk shall terminate ECF Nos. 3, 5, 7, and 11.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**